IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00535-GPG

DIANA C. TORRES,

    Plaintiff,

v.

KEURIG DR. PEPPER,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Diana C. Torres, has filed *pro se* an Employment Discrimination Complaint (ECF No. 1). The court must construe the Employment Discrimination Complaint liberally because Ms. Torres is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Ms. Torres will be ordered to file an amended complaint if she wishes to pursue any claims in this action.

    The Employment Discrimination Complaint is deficient because Ms. Torres fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of*

*Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Torres fails to provide a short and plain statement of her claims showing she is entitled to relief. She indicates she is asserting claims pursuant to the Americans With Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), and the Family and Medical Leave Act ("FMLA"), but she does not allege facts explaining how her rights were violated under each statute. That is, she fails to allege facts explaining why she believes she was discriminated against on the basis of a disability, or because of her age, or because she exercised her rights under the FMLA. In addition, although Ms. Torres does not indicate she is asserting a claim under Title VII, she does claim she was discriminated against because of her race, but she again fails to allege facts that would support a claim of race discrimination. If Ms. Torres intends to pursue one or more claims under each of the cited statutes, she must provide a clear statement of each claim she is asserting along with specific facts explaining how her rights allegedly

were violated.

"[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations." *Hall*, 935 F.2d at 1110. Therefore, Ms. Torres must file a pleading that identifies the specific claims she is asserting and the specific facts that support each asserted claim. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

To establish a prima facie case of discrimination under the ADA Ms. Torres must allege specific facts showing: (1) she is disabled; (2) she is qualified, with or without reasonable accommodation, to perform the essential functions of the job; and (3) her employer discriminated against her because of her disability. *See Robert v. Bd. of Cnty. Comm'rs*, 691 F.3d 1211, 1216 (10th Cir. 2012). A person is disabled under the ADA if she (1) has a physical or mental impairment that substantially limits one or more major life activities, (2) has a record of such an impairment, or (3) is regarded by her employer as having such an impairment. 42 U.S.C. § 12102(1). If Ms. Torres is asserting a retaliation claim under the ADA she must allege facts showing: (1) "she engaged in a

protected activity"; (2) "she was subjected to adverse employment action subsequent to or contemporaneous with the protected activity"; and (3) there was "a causal connection between the protected activity and the adverse employment action." *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1178 (10th Cir. 1999).

To establish a prima facie case of age discrimination under the ADEA Ms. Torres must allege specific facts showing: "(1) she is a member of the class protected by the statute; (2) she suffered an adverse employment action; (3) she was qualified for the position at issue; and (4) she was treated less favorably than others not in the protected class." *Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 531 (10th Cir. 1998).

To prevail on an interference or entitlement theory under the FMLA Ms. Torres must allege specific facts showing: "(1) that [she] was entitled to FMLA leave, (2) that some adverse action by the employer interfered with [her] right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of [her] FMLA rights." *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1180 (10th Cir. 2006). To state a prima facie claim of retaliation for taking FMLA leave, in violation of 29 U.S.C. § 2615(a)(2), Ms. Torres must allege facts showing she: "(1) availed herself of a protected right under the FMLA; (2) was adversely affected by an employment decision; and (3) that there was a causal connection between the two actions." *See Robert*, 691 F.3d at 1219.

If Ms. Torres intends to assert a claim under Title VII she must allege specific facts showing she was discriminated against in the terms or conditions of her employment on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. §

2000e-2(a)(1).

Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website." Therefore, Ms. Torres will be directed to file her amended complaint on the court-approved Employment Discrimination Complaint form. Ms. Torres must attach to the amended complaint a copy of the administrative charge of discrimination she alleges she filed with the Equal Employment Opportunity Commission or other federal or state agency as well as a copy of his notice of right to sue.

Ms. Torres is warned that, if she fails within the time allowed to file an amended complaint on the proper form as directed in this order, the action will be dismissed without prejudice. However, even if the action is dismissed without prejudice, the dismissal may act as a dismissal with prejudice if the time for filing expires. *See Rodriguez v. Colorado*, 521 F. Appx. 670, 671-72 (10th Cir. 2013). Pursuant to 42 U.S.C. § 2000e-5(f)(1), a claimant has ninety days to file a civil action under Title VII after receiving a notice of right to sue from the EEOC. The same filing deadline applies to claims under the ADA, *see* 42 U.S.C. § 12117(a), and the ADEA, *see* 29 U.S.C. § 626(e).

Finally, Ms. Torres is informed that she may choose to contact the Federal Pro Se Clinic at (303) 380-8786 or https://www.cobar.org/cofederalproseclinic for possible assistance in this matter. The Federal Pro Se Clinic is located on the first floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver CO 80294.

Accordingly, it is

ORDERED that Ms. Torres file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order. It is

FURTHER ORDERED that Ms. Torres shall obtain the appropriate court-approved Employment Discrimination Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Ms. Torres fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED February 28, 2020.

                                            BY THE COURT:

                                            s/ Gordon P. Gallagher
                                            United States Magistrate Judge