IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00535-RM-STV

DIANA TORRES,

    Plaintiff,

v.

THE AMERICAN BOTTLING COMPANY,

    Defendant.

## DEFENDANT THE AMERICAN BOTTLING COMPANY'S UNOPPOSED MOTION TO MAINTAIN LEVEL 1 RESTRICTION FOR EXHIBIT F TO ITS SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Pursuant to D.C.COLO.CivR 7.2(c), Defendant The American Bottling Company ("ABC"), by and through Stephen E. Baumann II and Alan L. McLaughlin of Littler Mendelson, P.C., respectfully moves the Court to maintain Level 1 restriction for Exhibit F to its Separate Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment [ECF Nos. 62, 63, 64].

### CONFERRAL CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1(a)

ABC has conferred with Plaintiff via telephone on June 4, 2021, regarding the relief requested. Plaintiff does not oppose.

### BACKGROUND

Plaintiff brings a single claim for interference under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA"). Movant's Separate Statement of Undisputed Material

Facts in Support of Its Motion for Summary Judgment ("MSUMF") ¶¶ 3, 49-52 [ECF No. 63].

On May 21, 2021, ABC timely moved for summary judgment [ECF No. 62, 63]. Among other things, Plaintiff did not apply for FMLA leave until after she had already signed a Last Chance Agreement directed to her absenteeism—solely to "avoid losing [her] job" —and **admits** at that time that she could "[r]**eturn to regular work with no restrictions**" because her ankle, the medical condition at issue, was "**actually getting to a hundred percent.** It was getting way good." MSUMF ¶¶ 36-37, 42 (emphasis added). Plaintiff further admits that she was granted FMLA leave for every day on which she sought it. MSUMF ¶¶ 41, 47-48. In fact, even before she sought FMLA, **Plaintiff admits that on each of the dates for which points were assessed under the applicable Attendance, Tardy, and No Call Policy, such absences: (1) were not related to her health; (2) were not related to her ankle for which she sought FMLA leave; or (3) were not days on which she saw a physician or received medical excusals**. MSUMF ¶ ¶ 12, 13, 22, 23, 24, 25-33 (emphasis added).

In support of these undisputed facts, ABC attached relevant portions of Plaintiff's medical records as Exhibit F to its Separate Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment. *See id.*; *see also* Ex. F [ECF No. 64]. Under D.C.COLO.LCivR 7.2, Exhibit F was filed under Level 1 restriction.

Plaintiff's medical records reflect private or confidential information. *See, e.g.,* 45 C.F.R. § 160.101, *et seq.* As argued below, the privacy or confidentiality protection for such information outweighs the presumption of public access, and would result in injury to Plaintiff. No alternative to restriction is practicable because redaction would prevent the Court from meaningful review of key facts in support of ABC's Motion for Summary Judgment. Therefore, under

D.C.COLO.LCivR 7.2, ABC respectfully requests that the Court maintain Level 1 restriction of Exhibit F to its Motion.

## ARGUMENT

The Court possesses supervisory powers of its own records and files, and may, in its discretion, "seal documents if the public's right of access is outweighed by competing interests." *Health Grades, Inc. v. MDx Med., Inc.*, No. 11-cv-00520-RM-BNB, 2014 WL 12741068, at *1 (D. Colo. Mar. 28, 2014). Among other interests, "[p]rivacy . . . [is] among the interests which have been found. . . to overcome the presumption of openness." *Id.* Exhibit F to ABC's Motion, Plaintiff's medical records, contains contain private or confidential information that should be shielded from public inspection under D.C.COLO.LCivR 7.2.

The information contained in the medical records constitutes Plaintiff's "sensitive personal information." *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008); *see also Zinn-Hoshijo v. Comm. for Catholic Secondary Educ. in Colo. Springs*, No. 11-cv-01360-WYD-KMT, 2012 WL 1537919, at *2 (D. Colo. May 2, 2012). In fact, the Privacy Rule under the Health Insurance Portability and Accountability Act ("HIPAA"), 45 C.F.R. § 160.101, *et seq.*, specifically protects the privacy of such records. While HIPAA "expressly contemplates that otherwise protected health information may be disclosed in the course of a judicial proceeding without prior consent of the patient," the information should still be maintained under Level 1 restriction. *See Windsor v. Aasen*, No. 09-cv-00947-REB-KMT, 2009 WL 5184170, at *1 (D. Colo. Dec. 18, 2009) (citing 45 C.F.R. § 164.512(e)); *see also Whitaker v. Silver Key Bd. of Directors*, No. 19-CV-01052-RBJ-KMT, 2020 WL 2041349, at *3 (D. Colo. Apr. 28, 2020) (ordering Level 1 restriction of medical record information).

Thus, ABC believes that the potential embarrassment to Plaintiff from disclosure is a serious injury that would result if restriction is not maintained. Redaction would also be impracticable because the contents of the medical records are necessary for the Court's resolution of ABC's Motion for Summary Judgment. As such, Exhibit F should maintain Level 1 restriction.

## CONCLUSION

Therefore, for all of the foregoing reasons, ABC respectfully requests that the Court maintain Level 1 restriction for Exhibit F to ABC's Separate Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment [ECF Nos. 62, 63, 64].

Respectfully submitted this 4th day of June, 2021.

*s/Stephen E. Baumann II*
Stephen E. Baumann II
LITTLER MENDELSON, P.C.
1900 Sixteenth Street 800
Denver, CO  80202
Telephone:  303.629.6200
Facsimile:  303.629.0200
Email: sbaumann@littler.com

Attorneys for Defendant The American Bottling Company

## CERTIFICATE OF SERVICE

I certify that on June 4, 2021, a true and correct copy of **DEFENDANT THE AMERICAN BOTTLING COMPANY'S UNOPPOSED MOTION TO MAINTAIN LEVEL 1 RESTRICTION FOR EXHIBIT F TO ITS SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPORT OF ITS MOTION FOR SUMMARY JUDGMENT** was filed and served via CM/ECF. The duly signed original is on file at the office of Littler Mendelson, P.C.

Diana Torres
2696 South Federal Boulevard #307
Denver, CO 80219
Dtorres699447@gmail.com

*s/ Joanna Fox*
*Joanna Fox, Legal Secretary*